

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 8, 1993

Honorable Clem R. Cannon
Karnes County Auditor
200 East Calvert
Karnes City, Texas 78118

Opinion No. DM-225

Re: Liability for costs of health care provided to indigent inmates of the Karnes County Jail (RQ-420)

Dear Mr. Cannon:

You ask who is responsible for paying medical bills for indigent prisoners incarcerated in Karnes County Jail. We cannot anticipate all issues that may arise with respect to responsibility for the costs of indigent prisoners' medical care. We offer the following discussion for your general guidance.

We note first that, for purposes of the following discussion, "indigent" will mean "eligible" as used in the terms "eligible county resident" or "eligible resident" in the Indigent Health Care and Treatment Act, codified as chapter 61 of the Health and Safety Code. *See* Health & Safety Code § 61.002(3), (4) (definitions). That act provides generally for hospital districts' or public hospitals' responsibility for the costs of providing medical care for their "eligible residents," *id.* subch. C, and for counties' responsibility for such costs for "eligible county residents," *i.e.*, those who do not reside in the service area of a hospital district or public hospital, *id.* subch. B.

For indigent, or "eligible," persons who are residents of hospital districts, section 61.055 of the Indigent Health Care and Treatment Act (the "act") provides that a hospital district must provide the health care services and treatment required by the constitution and the district's enabling legislation. As you indicate, the Karnes County Hospital District has been created in Karnes County and is coextensive with the county. Acts 1969, 61st Leg., ch. 591, at 1764. The district's enabling act and the constitution require the district to provide medical care for its needy residents or inhabitants. *Id.* § 3; Tex. Const. art. IX, § 9. Prior opinions of this office have consistently opined that a hospital district's duty to provide medical care for their indigent residents extends to such residents when they are held in county jails. Attorney General Opinions JM-643 (1987); JM-487 (1986); H-703 (1975). Thus, it is our opinion that the Karnes County Hospital District is responsible for the medical costs of an indigent jail inmate who is a resident of that district. *See generally* Health & Safety Code ch. 61, subch. C.

p. 1172

Also, for such an indigent inmate who is a resident of another hospital district, the hospital district of his residence is responsible for the costs of medical care, pursuant to that district's enabling legislation and the requirements of the constitution. Attorney General Opinions JM-643; JM-487. As noted in Attorney General Opinion JM-643 in 1987, despite the indication in subpart (a) of article 104.002 of the Code of Criminal Procedure and its predecessor provisions that the county is liable for the medical expenses of its prisoners, the express provisions of the constitution, making hospital districts, where created, responsible for the medical care of their needy inhabitants, must be read to prevail, even in the situation where such a hospital district's resident receives medical care while incarcerated in another county's jail.

Similarly, for indigent inmates of the Karnes County Jail who reside in the service area of a public hospital, it is the public hospital which is ultimately responsible for the cost of health care provided at the jail. *See* Health & Safety Code § 61.052 (public hospital's responsibility for eligible residents of its service area); *see also id.* §§ 61.002(11) (definition of public hospital), 61.051(b) (hospitals not considered public hospitals), 61.054 (service obligations), 61.060 (liability for payment for services provided).

With respect to an indigent inmate of the Karnes County Jail who does not reside in Karnes County and whose residence is not embraced in any hospital district or public hospital service area, we note first that Attorney General Opinion JM-643 concluded, in 1987, that the liability for medical care of such indigent inmates of a county jail was to be borne by the county of incarceration, and not by the county of residence. Since the issuance of Attorney General Opinion JM-643, article 104.002, subpart (d) of the Code of Criminal Procedure, has been amended. Subpart (d) currently provides:

> A person who is or was a prisoner in a county jail and received medical, dental, or health related services from a county or a hospital district shall be required to pay for such services when they are rendered. If such prisoner is an eligible county resident as defined in Section 61.002, Health and Safety Code, the county or hospital district providing the services has a right of subrogation to the prisoner's right of recovery from any source, limited to the cost of services provided. A prisoner, unless the prisoner fully pays for the cost of services received, shall remain obligated to reimburse the county or hospital district for any medical, dental, or health services provided, and the county or hospital district may apply for reimbursement in the manner provided by Chapter 61, Health and Safety Code. A county or hospital district shall have the authority to recover the amount expended in a civil action.

*Acts 1991, 72d Leg., ch. 434, § 1(d), at 1597-98.*[1]

In light of the current provisions of article 104.002(d), it is our opinion the costs of medical care provided to a prisoner who is an "eligible county resident" as defined in the Indigent Health Care and Treatment Act, section 61.002--*i.e.*, one who is not a resident of a hospital district or public hospital service area--are now payable under the latter act. Section 61.022 of that act makes a county ultimately responsible for health care for its "eligible county residents." Thus, responsibility for costs of medical care provided to such an "eligible county resident" when incarcerated in the Karnes County Jail would lie ultimately with his county of residence. *See also* V.T.C.S. art. 2351, subdiv. 6; Attorney General Opinions JM-552 (1986); MW-33 (1979).

In that the question of residence decides the matter of responsibility for medical care in the instances discussed above, we note the Health and Safety Code provides for the resolution of residency questions. Health & Safety Code §§ 61.003, 61.004.

Again we caution, that we cannot anticipate or resolve all questions that may arise with respect to indigent prisoners' health care expenses. We specifically note, for example, that we do not consider here the responsibility for costs of medical care for prisoners who are not Texas residents. Also, as the above-quoted provisions of article 104.002(d) clearly anticipate, Karnes County or its hospital district may have recourse to other sources of payment for indigent prisoners' health care costs depending on the facts of the particular case. The provisions of the Indigent Health Care and Treatment Act further make it clear that the above-discussed entities' ultimate responsibility for such costs may depend on the availability of payment from other sources. *See, e.g.*, Health & Safety Code § 61.022(b) (county as "payor of last resort"). Also, eligibility requirements and the kind of care covered may vary depending on the particular entity responsible. *See, e.g., id.* §§ 61.008, 61.023, 61.052; Attorney General Opinion DM-37 (1991).

---

[1]Vernon's sets out, along with the version of subpart (d) quoted in the text above, another version of subpart (d), as amended by the same legislature. Acts 1991, 72d Leg., ch. 14, at 42. The latter amendment was not only the earlier-enacted, but also a non-substantive amendment, made to conform the amended provisions to the codification of the Indigent Health Care and Treatment Act as chapter 61 of the Health and Safety Code. We think it clear that the legislature, in adopting the changes to subpart (d) set out in the main text above meant those provisions to replace the provisions of the subpart (d) as it had previously and non-substantively amended them. Therefore, references to subpart (d) herein are to those provisions as amended by Acts 1991, 72d Leg., ch. 434, at 1597-98.

## S U M M A R Y

Subject to the given caveats, the Karnes County Hospital District is responsible for the costs of medical care provided to its indigent residents incarcerated in the Karnes County Jail. Other hospital districts or public hospitals are responsible for such costs with respect to their indigent residents incarcerated in the Karnes County Jail. The county of residence of an indigent inmate of the Karnes County Jail who does not reside in a hospital district or public hospital service area is responsible for the costs of his medical care.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General